1

2

3

4

5

6

7       # UNITED STATES DISTRICT COURT

8       ## EASTERN DISTRICT OF CALIFORNIA

9    TIMOTHY ALAN LOBRETTO,              )    1:08-cv-00080-LJO-TAG HC
                                         )
10                   Petitioner,         )    ORDER DENYING WITHOUT PREJUDICE
                                         )    PETITIONER'S  MOTION FOR STAY OF
11                                       )    PROCEEDINGS ON PETITION FOR WRIT
          v.                             )    OF HABEAS CORPUS
12                                       )    (Doc. 6)
                                         )
13   D. K. SISTO, Warden, et al.,        )    ORDER FOR PETITIONER TO FILE
                                         )    AMENDED MOTION FOR STAY WITHIN
14                   Respondents.        )    THIRTY DAYS
     _____)

15

16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18         Petitioner, through counsel, filed the instant petition on January 15, 2008.  (Doc. 1).  On

19   January 24, 2008, Petitioner filed a motion to stay proceedings to allow exhaustion of state remedies.

20   (Doc. 6).  In that motion, Petitioner's counsel alleges that when he commenced his representation of

21   Petitioner, he believed that all issues had been exhausted; however, a subsequent review of

22   additional documents indicates that several issues, while raised in the California Court of Appeal,

23   had never been raised in the California Supreme Court.  (Id.).  Petitioner requests a stay in order to

24   fully exhaust those additional issues.

25                                      **DISCUSSION**

26         Traditionally, a district court has had the discretion to stay a petition which it may validly

27   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th

28   Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the Ninth Circuit

1   has held that <u>Taylor</u> in no way granted "district courts carte blanche to stay even fully exhausted

2   habeas petitions." <u>Taylor</u>, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no

3   intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.

4   <u>Id.</u>  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to

5   hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to

6   return to state court to exhaust his state remedies.  <u>Kelly v. Small</u>, 315 F.3d 1063, 1070 (9th Cir.

7   2003), <u>overruled in part by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1148-1149 (9th Cir. 2007)(overruling

8   <u>Kelly</u> as to whether a district court is required *sua sponte* to consider whether to stay and abey a

9   "mixed" habeas petition containing both exhausted and unexhausted claims); <u>Ford v. Hubbard</u>, 305

10  F.3d 875, 882-883 (9th Cir. 2002); <u>James v. Pliler</u>, 269 F.3d 1124, 1126-1127 (9th Cir. 2001);

11  <u>Taylor</u>, 134 F.3d 981.

12          Notwithstanding the foregoing, until recently, federal case law continued to require that the

13  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  <u>Rose v. Lundy</u>,

14  455 U.S. 509, 102 S. Ct. 1198 (1982).  However, on March 30, 2005, the United States Supreme

15  Court decided <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005).  Recognizing that "[a]s a

16  result of the interplay between AEDPA's 1-year statute of limitation[1] and <u>Lundy</u>'s dismissal

17  requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever

18  losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held

19  that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit

20  petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  <u>Rhines</u>,

21  544 U.S. at 276-277.  In so holding, the Supreme Court noted that the procedure should be "available

22  only in limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only

23  when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are

24  not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation

25  tactics or intentional delay."  <u>Id.</u> at 277-278; <u>Robbins v. Carey</u>, 481 F.3d at 1149.  When a petitioner

26

27          [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

28

1   has met these requirements, his interest in obtaining federal review of his claims outweighs the

2   competing interests in finality and speedy resolution of federal petitions.  Rhines, 544 U.S. at 278.

3           Here, it appears that the grounds presently presented in the petition are fully exhausted and

4   that therefore the petition is not mixed.  However, Petitioner's counsel has alleged that Petitioner

5   wishes to exhaust additional grounds in state court. Applying the Rhines standards, the Court

6   concludes that it must, at this juncture, deny Petitioner's motion for stay *without prejudice* to

7   Petitioner filing an amended motion for stay within thirty days.

8           As mentioned, the motion for stay was filed nine days after the petition.  Moreover, it appears

9   that Petitioner filed his petition within the one-year limitation period imposed by the AEDPA.  Thus,

10  nothing in the record suggests that Petitioner intends to harass or delay the proceedings nor does it

11  appear that Petitioner is engaging in dilatory conduct.  However, in his motion, Petitioner's counsel

12  has not listed the specific grounds he intends to exhaust in state court; therefore, the Court cannot

13  determine whether or not those grounds are "plainly meritless" under Rhines. 544 U.S. at 277-278.

14  Instead, counsel merely refers in his declaration to certain unspecified "important state remedies"

15  that he wishes to exhaust.  (Doc. 6-2, p. 1).  Because Petitioner may have inadvertently failed to

16  explain to the Court the nature of the claims he wishes to exhaust, and thereby precluding the Court

17  from conducting the necessary analysis to determine whether a stay is proper, the Court will permit

18  Petitioner to file an amended motion for stay within thirty days in order to permit the Court to make

19  a proper determination under Rhines as to whether Petitioner is entitled to a stay of proceedings.

20                                          **ORDER**

21          Accordingly, IT IS HEREBY ORDERED that:

22          1.  Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 6), is

23          DENIED without prejudice;

24          2.  Petitioner is granted thirty (30) days from the date of service of this order within which to

25          file an amended motion for stay of proceedings that sets forth in detail the claims he wishes

26          to exhaust in state court; and

27  ///

28  ///

1    3.  If Petitioner does not file an amended motion for stay within the required thirty-day

2    period, the Court will issue an order to Respondent to file a response to the instant petition as

3    presently filed.

4

5    IT IS SO ORDERED.

6    Dated:   **February 6, 2008**                              _____**/s/ Theresa A. Goldner**_____

7    _____                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28