UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ALAN LOBRETTO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>D. K. SISTO, Warden, et al.,<br><br>　　　　Respondents. | 1:08-cv-00080-LJO-TAG HC<br><br>ORDER GRANTING PETITIONER'S AMENDED MOTION FOR STAY OF PROCEEDINGS ON PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 8)<br><br>ORDER FOR PETITIONER TO FILE STATUS REPORTS<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　Petitioner, through counsel, filed the instant petition on January 15, 2008. (Doc. 1). On January 24, 2008, Petitioner's counsel filed a motion to stay proceedings to allow exhaustion of state remedies. (Doc. 6). On February 7, 2008, the Court denied without prejudice the motion for stay because the motion had not stated with particularity the grounds Petitioner intended to exhaust in state court, thus precluding the Court from conducting the analysis mandated by the United States Supreme Court. (Doc. 7). On February 28, 2008, Petitioner filed an amended motion for stay in which counsel for Petitioner indicated that Petitioner seeks to exhaust Ground One in the federal petition alleging the erroneous deprivation of Petitioner's right to counsel of choice. (Doc. 8, Exh. 1, p. 2).

///

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Id.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

///

Regarding "good cause" for failure to exhaust, Petitioner's counsel has indicated that Petitioner's files comprise some ten banker's boxes of materials, that the issue addressed in Ground One was raised in the California Court of Appeal but not in the California Supreme Court, and that Petitioner's counsel did not discover this fact until after extensive review of Petitioner's files. Accordingly, given the complexity and the volume of Petitioner's files, the Court finds that "good cause" exists for Petitioner's failure to exhaust Ground One previously.

Second, as mentioned, the motion for stay was filed nine days after the petition. Moreover, it appears that Petitioner filed his petition within the one-year limitations period imposed by the AEDPA. Thus, nothing in the record suggests that Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct.

Finally, it appears that all of the grounds presently presented in the petition are fully exhausted except for Ground One. Although the record at present is currently incomplete regarding Ground One, nothing in the record as presently constituted indicates that Ground One is "plainly meritless" under Rhines.  544 U.S. at 277-278.

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's amended motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this order, Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.

---

[1] The filing should be entitled "Status Report."

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended motion to stay the instant proceedings on his habeas petition (Doc. 8), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims; and

6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. The Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated: __July 23, 2008__                                     __/s/ Theresa A. Goldner__
                                                         UNITED STATES MAGISTRATE JUDGE